By the Court.—Freedman, J.
The nature of the action does not clearly appear from the complaint. As there was no contract of purchase and sale between plaintiff and defendant, none could be rescinded. No case can be found in which the receipt of a secret advantage by a broker or agent has been held a ground for rescission between one of the principals and the broker or agent, while the contract remained in force or executed between both principals. If the defendant was the agent of the plaintiff in the transactions complained of, his liability, if any, would arise from the equitable doctrine that the agent must account for any and every profit made in the business of his principal. That liability extends no further than to compel the agent to pay to his principal the amount of any *426 secret advantage received by him. The action was not brought upon any such theory. Moreover, the court below found, and the evidence sustains the finding, that in the transactions complained of the defendant acted as the agent of Daniel 0. Hyde, the owner and seller of the shares of stock, in pursuance of an employment by Hyde to effect a sale, and that as between plaintiff and defendant the relation of principal and agent did not exist.
The only remaining question of importance is, whether the defendant was guilty of an actionable fraud for concealing from the plaintiff the fact that in the event of a sale he was to receive from the seller quite a large commission, and for assuring the plaintiff that the shares could not be purchased at a lower figure than the plaintiff paid. As no relation of trust or confidence existed between plaintiff and defendant in a legal sense, the latter was under no obligation to reveal the fact of his interest in the event of a sale (Dambmann v. Schulting, 75 N. Y. 55). For the same reason, the assurance that the shares could not be had below a certain figure, assuming it to have been false, was a statement as to value or price only, which is not actionable, but is covered by the rule of caveat emptor (Ellis v. Andrews, 56 N. Y. 88; Furman v. Titus, 40 Super. Ct. 284).
Neither the concealment nor the false statement was therefore material in such a sense as is necessary to sustain an action thereon.
In every aspect that can be taken, the plaintiff failed to make out a case.
The judgment should be affirmed, with costs.
Sedgwick, Ch. J., concurred.